1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN P. JOHNSON, | 1:10-cv-00300-LJO-DLB (HC) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE INSTANT PETITION FOR FAILURE TO STATE A COGNIZABLE CLAIM, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| KELLY HARRINGTON, | |
| Respondent. | |
| _____/ | [Doc. 12] |

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.

## BACKGROUND

        Petitioner filed the instant petition for writ of habeas corpus on February 22, 2010.

(Court Doc. 1.)  Respondent filed the instant motion to dismiss on April 23, 2010, for lack of

subject matter jurisdiction.  (Court Doc. 12.)  Petitioner did not file an opposition.

## DISCUSSION

I.      Procedural Grounds for Motion to Dismiss

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

///

1

1    II.        Failure to State a Cognizable Claim

2            In the instant petition, Petitioner's sole claim for relief challenges a 2007 amendment to

3    California Penal Code section 2085.5 as a violation of the Ex Post Facto Clause.  A federal court

4    may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in

5    custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is

6    the correct method for a prisoner to challenge the "legality or duration" of his confinement.

7    Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475,

8    485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

9            In this instance, Petitioner's challenge to the collection of his restitution fine does not

10   implicate the legality or duration of his conviction.  Therefore, section 2254 is not the proper

11   avenue for presenting this claim.

12           Moreover, Petitioner's challenge arises solely under California law.  Under the plain

13   language of section 2254, a prisoner is not entitled to federal habeas corpus relief if he can

14   demonstrate he is in custody in violation of the United States Constitution or federal laws.  28

15   U.S.C. § 2254(a).  Therefore, a claim arising strictly under state law is not cognizable in a federal

16   habeas corpus proceeding.  Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not

17   issue the writ on the basis of a perceived error of state law."); Gutierrez v. Griggs, 695 F.2d

18   1195, 1197-1198 (9th Cir. 1983).

19           In this instance, Petitioner challenges only the 2007 amendment to section 2085.5 and it

20   relates only to California law regarding the policy of victim restitution.  Petitioner cannot convert

21   his state law claims into federal questions merely by labeling it as a federal due process violation.

22   Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  Accordingly, Petitioner's claim is not

23   cognizable as it raises purely a state law question, and the petition must be dismissed.

                                    ORDER

25           Based on the foregoing, it is HEREBY ORDERED that:

26           1.        Respondent's motion to dismiss the instant petition for failure to state a

27                     cognizable claim is GRANTED;

28           2.        The Clerk of Court is directed to terminate the action; and

                                      2

1    3.    The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c);

2         Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA,

3         petitioner must show: (1) that jurists of reason would find it debatable whether the

4         petition stated a valid claim of a denial of a constitutional right; and (2) that jurists

5         of reason would find it debatable whether the district court was correct in its

6         procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the present

7         case, the Court does not find that jurists of reason would not find it debatable

8         whether the petition was properly dismissed for failure to state a cognizable claim

9         28 U.S.C. § 2254.   Petitioner has not made the required substantial showing of

10        the denial of a constitutional right.

11              IT IS SO ORDERED.

12    **Dated:    June 17, 2010**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28